IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHNNIE RAY CHAVERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 1:14-cv-1103-WC |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION

## I.   INTRODUCTION

Johnnie Ray Chavers ("Plaintiff") filed applications for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401, *et seq*, and for supplemental security income under Title XVI of the Act, 42 U.S.C. § 1381, *et seq.*, on February 21, 2012.  His applications were denied at the initial administrative level.  Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ").  Following the hearing, the ALJ issued a decision finding Plaintiff not disabled from the alleged onset date of January 17, 2011, through the date of the decision. Plaintiff appealed to the Appeals Council, which rejected his request for review of the ALJ's decision.  The ALJ's decision consequently became the final decision of the

Commissioner of Social Security ("Commissioner").[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the court for review under 42 U.S.C. § 405(g).  Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. 9); Def.'s Consent to Jurisdiction (Doc. 10).  Based on the court's review of the record and the briefs of the parties, the court AFFIRMS the decision of the Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific
> impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of

---

[1]   Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

[2]   A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

>Impairments]?
>(4) Is the person unable to perform his or her former occupation?
>(5) Is the person unable to perform any other work within the economy?
>An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"). *Id*. at 1238-39. The RFC is what the claimant is still able to do despite the claimant's impairments and is based on all relevant medical and other evidence. *Id*. It may contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] ("grids") or call a vocational expert ("VE"). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary

---

[3]   *McDaniel* is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4]   *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The court's review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

**III.     ADMINISTRATIVE PROCEEDINGS**

Plaintiff, who was fifty years old on the alleged disability onset date, has at least a high school education and is able to communicate in English.  Tr. 19.  Following the administrative hearing, and employing the five-step process, the ALJ found at Step One that Plaintiff "has not engaged in substantial gainful activity since January 17, 2011, the alleged onset date[.]"  Tr. 14.  At Step Two, the ALJ found that Plaintiff suffers from the following severe impairments:  "degenerative disc disease of the cervical, thoracic, and lumbar spine, generalized osteoarthritis, insomnia, and bursitis[.]"  *Id.*  At Step Three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments[.]"  Tr. 17.  Next, the ALJ articulated Plaintiff's RFC as follows:

> [Plaintiff] has the residual functional capacity to perform light work . . . except he cannot reach overhead but can frequently reach in other directions.  He cannot climb ladders, ropes, or scaffolds.  He cannot work at heights or around hazardous equipment.  He can occasionally operate foot controls.  He can occasionally climb stairs and ramps.  He can occasionally handle objects and he can occasionally crouch.  He cannot crawl.  He must be allowed to alternate between sitting and standing every thirty minutes.

Tr. 17.  Having consulted with a VE at the hearing, the ALJ concluded at Step Four that Plaintiff "is unable to perform any past relevant work[.]"  Tr. 19.  Finally, at Step Five, and relying upon the testimony of the VE, the ALJ determined that "[c]onsidering [Plaintiff]'s age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]"  *Id.*  Accordingly, the ALJ determined that Plaintiff "has not been under a

disability, as defined in the Social Security Act, from January 17, 2011, through the date of th[e] decision[.]" Tr. 20.

## IV. PLAINTIFF'S CLAIMS

Plaintiff presents one issue for this court's consideration in review of the ALJ's decision: whether "[t]he Commissioner's decision should be reversed because[,] while the ALJ purportedly relied on the opinion of the consultative examiner, Dr. Meadows, the decision selectively relied on portions of this opinion without explaining why all of the opinion was not accepted. Pl.'s Br. (Doc. 12) at 3.

## V. DISCUSSION

Plaintiff argues that, despite relying on some portion of the opinion of consultative examiner Dr. Richard Meadows ("Dr. Meadows"), the ALJ "selectively relied on portions of this opinion" without properly explaining why other portions of the opinion were rejected. Pl.'s Br. (Doc. 12) at 3. Specifically, Plaintiff points to Dr. Meadows' opinion that Plaintiff "could lift no weight frequently or continuously" and that Plaintiff was "limited to standing up to 2 hours in an 8-hour workday and walking 1 hour in an 8-hour workday." *Id.* at 8-9. Plaintiff asserts that the ALJ never explained why he did not accept these two portions of Dr. Meadows' opinion.

"[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Id.* (citation omitted). "'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'"

6

*Winschel*, 631 F.3d at 1179 (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).

In this case, the ALJ clearly articulated the reasons for discrediting portions of Dr. Meadows' opinion. Specifically, the ALJ summarized Dr. Meadows' findings, which noted only mild issues and did not support Plaintiff's disability contentions:

> [Plaintiff] presented a history of shoulder, hip, and back pain. On examination, however, [Plaintiff] was noted to have good upper and lower back motion. His strength was normal throughout all areas tested. He had full motion of the shoulders, and there was no discernable pain or weakness. There was mild crepitance of the knees.[5] [Plaintiff] had a normal gait, and his pulses seemed normal. Dr. Meadows noted his assessment was [Plaintiff] had backache, degeneration of the lumbar and thoracic areas, generalized osteoarthritis, chronic pain syndrome, insomnia, and bursitis. X-rays of the lumbar spine described moderate changes, and x-rays of the left hip were normal.

Tr. 15. Later in her decision, the ALJ explicitly addressed the standing and walking limitation Dr. Meadows assigned Plaintiff. The ALJ stated that she did not find that portion of Dr. Meadows' opinion as probative as Dr. Meadows' narrative report and x-ray reports—neither of which supported such a limitation—because Dr. Meadows failed to explain the specific physical and objective findings that would support that limitation, despite being directly asked for such information. Tr. 19. The limitations Dr. Meadows placed on Plaintiff's lifting suffer the same fate. Despite being asked to explain the specific physical and objective findings that would support the claimed lifting limitations, Dr. Meadows did not provide any support for that portion of his opinion and his narrative report does not support such a limitation. Tr. 277. In sum, the ALJ found these portions

---

[5] As the ALJ noted, Plaintiff "made no allegations of knee problems." Tr. 18.

7

of Dr. Meadows' opinion to be inconsistent with his own records and not supported by the objective evidence of record. Thus, the ALJ made clear the reasons for not accepting certain portions of Dr. Meadows' opinion.

In addition, "even if the ALJ erroneously failed to explicitly assign weight to and discuss every aspect of [a doctor]'s opinion, this error [i]s harmless [when] it is still clear that the ALJ's rejection of the portions of [that] opinion that are inconsistent with the ALJ's ultimate conclusion was based on substantial evidence." *Newberry v. Comm'r, Soc. Sec. Admin.*, 572 F. App'x 671, 672 (11th Cir. 2014). As discussed thoroughly above, there were valid reasons for rejecting specific portions of Dr. Meadows' opinion. The ALJ plainly canvassed the medical records from each of Plaintiff's physicians in the record (Tr. 15-19), and her finding that Plaintiff is not disabled is supported by the record.

Because the court does not reweigh the evidence anew, and the ALJ articulated specific reasons for discounting portions of Dr. Meadows' opinion, which are supported by substantial evidence, there was no reversible error in the weight given to the doctor's opinions.

## VI.   CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is AFFIRMED.

A separate judgment will issue.

Done this 5th day of October, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE